IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Leslie J. WEBSTER, Attorney at
Law.

Supreme Court

*No. 89-1283-D. Filed March 15, 1990.*

(Also reported in 452 N.W.2d 374.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney publicly reprimanded.*

We review the recommendation of the referee that
Attorney Leslie J. Webster be publicly reprimanded for
professional misconduct consisting of his undertaking
the representation of a man in a divorce action at a time
when he had an undisclosed personal and conflicting
interest in the matter by virtue of his intimate relation-
ship with the man's wife. We determine that a public
reprimand is appropriate discipline for that misconduct.

Attorney Webster was admitted to practice law in
Wisconsin in 1979 and practices in Ellsworth and has
not previously been the subject of an attorney discipli-
nary proceeding. Following a hearing, the referee, the

Honorable Timothy L. Vocke, reserve judge, made the following findings of fact.

On July 19, 1987, a man who had previously retained Attorney Webster in business matters and in a real estate transaction came to Attorney Webster's office to discuss with him the fact that his wife had told him she wanted a divorce. The man told Attorney Webster he did not want a divorce but wanted to reconcile with his wife. During the conversation, he inquired into his rights in a divorce action and Attorney Webster advised him, stating, however, that because he knew both the man and his wife, he would not represent one against the other in the contemplated action. The man also asked Attorney Webster whether he had knowledge of his wife's being in an intimate relationship with another man, saying that if she were, he would make the divorce action difficult, but if she were not, he would not oppose it. Attorney Webster did not disclose that he had begun an intimate relationship with the man's wife one month earlier.

Ten days after that conversation, the man returned to discuss divorce issues with Attorney Webster, including matters concerning child support. Attorney Webster again told him he would not represent either the man or his wife against the other but would act as what he termed an independent "scrivener," preparing papers that had to be filed in the action. He also said he would not advise either of the parties separately if he agreed to assist them as joint divorce petitioners and, if they could not reach agreement on all issues in the action, they would have to retain separate counsel. In a subsequent meeting, the man suggested that joint custody of the couple's children would not be proper if his wife were involved with another man and Attorney Webster

advised him that such a circumstance would not affect the issue of child custody.

In early August, 1987, Attorney Webster met with the man's wife in his office to obtain information needed to draft a joint petition for divorce. Soon thereafter, he met with the man and the wife together and had them sign an attorney retainer agreement, as well as the joint divorce petition he had prepared. The retainer agreement provided that the man and wife were jointly retaining Attorney Webster's firm to represent them, that they understood Attorney Webster would not represent either one of them in an adversarial position, that he would not give advice or counsel to either of them independently and that if any issue could not be resolved between them, he would withdraw as counsel. The agreement set his fee in the matter at $500.

Shortly after that meeting, the man learned of the relationship between his wife and Attorney Webster, terminated the attorney-client relationship and hired other counsel. Soon thereafter, the wife terminated the professional relationship and hired another attorney. Neither the man nor his wife had paid Attorney Webster a fee for his representation.

At the disciplinary hearing, Attorney Webster testified that he had agreed to represent the couple in order to save them money, that he knew the man wanted to reconcile with his wife, that he discouraged the wife from obtaining a divorce, that he would have continued his representation of them through the final hearing without telling the man of his relationship with the wife and that he did not believe he was doing anything wrong while he was personally involved with the wife. He also testified that he never informed either of them that they ought to have separate attorneys. The referee specifically found no evidence that Attorney Webster and the wife had ever

discussed the divorce matter outside of his office, that Attorney Webster was the cause of the divorce or encouraged it in any way or that the ultimate result of the divorce action would have been different had the man and the wife initially retained separate counsel.

On the basis of these facts, the referee concluded that Attorney Webster accepted professional employment under circumstances in which the exercise of his professional judgment on behalf of the client might be affected by his own personal interests, without full disclosure to and consent of the client, in violation of SCR 20.24(1).[1] The referee considered Attorney Webster's personal interest in the matter to be in direct conflict with the man's interest in preserving his marriage. The referee further concluded that Attorney Webster engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4),[2] by responding in the negative to the man's question whether his wife was having an affair with another man.

Finally, the referee concluded that Attorney Webster violated SCR 20.28,[3] which requires a lawyer to decline proffered employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of it unless it appears that the lawyer can adequately represent the interests of multiple clients and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of

---

[1]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.7.

[2]The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4.

[3]The corresponding provisions of the current Rules of Professional Conduct for Attorneys are SCR 20:1.7(a) and (b) and 20:1.9.

the lawyer's independent professional judgment on behalf of each. That conclusion was based on the referee's consideration of the following conflicts of interest: the man's desire to reconcile versus the wife's desire for the divorce; the man's stated intent to make the divorce difficult if his wife were seeing another man; Attorney Webster's personal interest in the divorce versus the man's stated interest in a reconciliation. The referee rejected Attorney Webster's claim that he was acting merely as a scrivener, noting that Attorney Webster exercised independent professional judgment by advising the man in matters concerning the contemplated divorce and by agreeing to draft the summons and divorce petition at a time when one of his clients was opposed to the divorce.

In making the recommendation for a public reprimand as discipline, the referee noted the following aggravating factors: at the disciplinary hearing, Attorney Webster evinced no awareness that his dual representation was inappropriate and continued to believe that the parties would have been better served had he been allowed to continue representing them; he believed the man would have been better off had he never known about the relationship between Attorney Webster and his wife; he expressed his belief that the Board of Attorneys Professional Responsibility was merely trying to punish him for having an extramarital affair, ignoring the fact that he was having an affair with the wife of a client during his professional representation of that client. The referee also considered as circumstances mitigating the seriousness of the misconduct that this is Attorney Webster's first involvement in an attorney disciplinary proceeding, he has a reputation of being a competent and honest attorney and the misconduct con-

cerned only this one matter and was not part of a pattern of unethical conduct.

We adopt the referee's findings of fact and conclusions of law and agree that a public reprimand is appropriate discipline for this misconduct. Attorney Webster deceived the man by allowing him to assume he would receive independent, disinterested legal representation in a very sensitive legal matter. In view of all the circumstances present, we deem a public reprimand sufficient to impress upon Attorney Webster the seriousness of professional duty and deter him and others from engaging in like misconduct.

IT IS ORDERED that Attorney Leslie J. Webster is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 30 days of the date of this order Leslie J. Webster pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Leslie J. Webster to practice law in Wisconsin shall be suspended until further order of the court.