IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Leslie J. WEBSTER, Attorney at Law.

Supreme Court

*No. 98–0677–D. Filed April 29, 1998.*

(Also reported in 577 N.W.2d 21.)

¶ 1.   PER CURIAM.   We review the stipulation, filed pursuant to SCR 21.09(3m)[1] by the Board of Attorneys Professional Responsibility (Board) and Attorney Leslie J. Webster, concerning Attorney Webster's professional misconduct that resulted in his conviction in federal court of one count of aiding and abetting the fraudulent concealment of a debtor's property from a bankruptcy trustee. The parties stipulated that the appropriate discipline to impose for that professional misconduct is the suspension of Attorney Webster's license to practice law for two years and that the suspension be considered as having commenced January 21, 1998, the date on which the court summarily suspended Attorney Webster's license pursuant to SCR 11.03[2] in response to his criminal conviction.

¶ 2.   We approve the stipulation and adopt the facts and conclusions of law set forth in it. We determine that the seriousness of Attorney Webster's

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(3m)   The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. . . .

[2] SCR 11.03 provides:

**Suspension on conviction of crime.**

(1)   Summary suspension. Upon receiving satisfactory proof that an attorney has been convicted of a serious crime, the supreme court may summarily suspend the attorney, pending final disposition of a disciplinary proceeding, whether the conviction resulted from a plea of guilty or no contest or from a verdict after trial, and regardless of the pendency of an appeal.

. . .

professional misconduct warrants the two-year license suspension to which the parties had stipulated. Using his professional position, Attorney Webster counseled his client to make a fraudulent representation in the bankruptcy, which led to the client's criminal conviction and incarceration, and participated actively in a fraud on the bankruptcy court. Moreover, as the federal court determined, Attorney Webster gave false testimony during his trial regarding his participation in the fraud.

¶ 3.  Attorney Webster was licensed to practice law in Wisconsin in 1979 and practiced in Ellsworth. In 1990, the court publicly reprimanded him for undertaking the representation of a client in a matter in which he had a conflicting interest by virtue of his intimate relationship with the client's wife. *Disciplinary Proceedings Against Webster*, 154 Wis. 2d 110, 452 N.W.2d 374.

¶ 4.  The facts to which the parties stipulated concern Attorney Webster's conduct in representing the owner of a bar and the owner's wife beginning in January, 1991. The owner, who also managed the bar, retained Attorney Webster to incorporate the business in order to limit his liability. The business was incorporated February 1, 1991, and the owner and his wife received stock in exchange for the assets of the business and became the corporation's only directors. In the course of that matter, Attorney Webster advised the clients to review their finances and debts and to consider filing a bankruptcy petition to have their debts discharged.

¶ 5.  On Attorney Webster's advice and with his representation, the clients filed for bankruptcy March 25, 1991. In the schedules and statement of financial affairs specified for a debtor not engaged in a business

that he drafted, Attorney Webster stated that in January, 1991, the owner voluntarily had surrendered the bar business to the vendor of a land contract in exchange for his release from the unpaid balance on that contract. Those papers did not advert, however, to the facts that the bar recently had been incorporated and that the owner's assets in it had been conveyed to the corporation and did not report any ownership of stock in the business. The papers reported "zero" stock ownership and no real property, and Attorney Webster told the bankruptcy trustee that this was a "no asset" case. The bankruptcy court granted the owner and his wife a discharge July 16, 1991.

¶ 6.  Thereafter, the bar was destroyed by fire, and Attorney Webster initially represented the clients in attempting to collect insurance proceeds. Having discovered the owner's bankruptcy and the statement in it that the bar had been surrendered to the land contract vendor in January, 1991, the insurance company investigators questioned whether the client was in fact the owner of the bar at the time of the fire. Attorney Webster tried to clarify a sworn statement given by the client to the insurance company concerning his ownership of the bar and asserted that the client had not understood the difference between pledging and transferring stock and that what the client in fact had done was give the land contract vendor a lien on the stock, which did not transfer the stock to him. The client's testimony and documentary evidence demonstrated that the client had purchased the bar in 1986 and owned it continuously until it was destroyed by fire in May, 1992.

¶ 7.  The client then was charged with federal bankruptcy fraud and was convicted on a guilty plea of one count of making a false oath, for which he was

sentenced to three months in prison. Attorney Webster was charged with one count of aiding and abetting the fraudulent concealment of the debtors' property from the bankruptcy trustee and was found guilty by a jury and sentenced to 15 months' imprisonment, fined $4000, and placed on three years' supervised release. The district court imposed the same sentence after the conviction was affirmed on appeal and remanded for resentencing for the reason that the district court had not stated with specificity the factual basis for its conclusion that Attorney Webster had given perjured testimony at trial, for which the court applied a sentence enhancer. Attorney Webster began serving that sentence December 18, 1997.

¶ 8. Attorney Webster and the Board stipulated that the conduct for which he was convicted of a federal felony violated SCR 20:8.4(b), as it constituted a criminal act that reflects adversely on his honesty, trustworthiness and fitness as a lawyer. The parties also stipulated that, pursuant to SCR 11.03(5), the conviction constitutes conclusive evidence of Attorney Webster's guilt of the crime.[3] As aggravating factors to be considered, the parties stipulated to Attorney Webster's active participation in the fraud, the reasonable conclusion, based on the federal court's statement, that his advice and counsel to the client contributed significantly to that client's participation in the fraud and his conviction and incarceration for it, the federal court's

---

[3] SCR 11.03 provides, in pertinent part:

**Suspension on conviction of crime.**

. . .

(5) Proof of guilt. In any disciplinary proceeding instituted against an attorney based on a conviction, the certificate of his or her conviction shall be conclusive evidence of his or her guilt of the crime of which he or she was convicted.

conclusion that Attorney Webster gave false testimony during the trial, and his prior discipline. In mitigation, the parties stipulated to the facts that the client's creditors had not been deprived of assets, as the debtor had no equity in the bar, that Attorney Webster did not benefit personally from the fraudulent conduct, that he has assisted charities and civic groups in his community, and that he fully cooperated during the Board's investigation of this matter.

¶ 9. We adopt the facts and legal conclusions to which the parties have stipulated concerning Attorney Webster's professional misconduct in this matter. We determine that the seriousness of the misconduct, in light of the aggravating and mitigating factors set forth in the parties' stipulation, warrants the suspension of Attorney Webster's license to practice law for two years as discipline. We impose that license suspension commencing the date on which we summarily suspended Attorney Webster's license following exhaustion of his remedies on appeal of his conviction.

¶ 10. IT IS ORDERED that the license of Leslie J. Webster to practice law in Wisconsin is suspended for a period of two years, effective January 21, 1998.

¶ 11. IT IS FURTHER ORDERED that within 60 days of the date of this order, Leslie J. Webster pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Leslie J. Webster to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 12. IT IS FURTHER ORDERED that Leslie J. Webster comply with the provisions of SCR 22.26

concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 13.   JON P. WILCOX, J., did not participate.